UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 1/20/17 |

BERNARD ROBINSON

_____

16 Civ. 09633 (CM)

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

THE CITY OF NEW YORK:
LAWRENCE BYRNE:
EVAN GLUCK,
NEW YORK CITY POLICE DEPARTMENT

_____
_____
_____
_____
_____

**AMENDED
COMPLAINT**

Jury Trial: ☑ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE
2017 JAN 20  PM 1:44
S.D. OF N.Y.

I.    **Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name    Bernard Robinson, 255 West 43rd. St., Apt. 128
                  Street Address    255 West 43rd,ST., Apt. 128
                  County, City    New York, NY 10036
                  State & Zip Code    New York 10036
                  Telephone Number    (646) 804-1550

B.    List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                        1

STATEMENT OF CLAIM

The Defendants are aware of the recent changes to the Nuisance Abatement Laws. These changes specifically address areas which render defendant's Civil eviction Proceedings and Stipulation Agreement against Plaintiff moot and/or without proper legal authority or justification, yet the eviction proceedings continue to this day.

In a letter dated November 7, 2016, Plaintiff placed defendats on notice of the recent changes in the laws surrounding the in-question proceedings. (see EXHIBIT "C") but it is well to note that the pending Civil Eviction proceedings and the related Stipulation Agreement were without proper legal authority from the very start. There are areas of the laws which were in place at the time defendants commenced the initial Stipulation Agreement proceedings. These areas are (1) A police informant cannot be used as the sole observer of drug sales at a residence or location. (2) several direct observations of drug sales by a police officer (amongst other things) are required prior to commencement of Civil Eviction proceedings and/or Stipulation Agreement proceedings. (3) Plaintiff lived and remained at the residence in question without incident well past the time set forth in the unlawful Stipulation Agreement. (4) The Stipulation Agreement was somehow extended beyond the agreed upon time frame.

Records will show that defendants failed to comply with both of the aforementioned requirements stated in numbers (1) and (2) above, before commencing Stipulation Agreement and Civil Eviction proceedings.The un-met requirements were in place prior to the recent amendments and/or modifications to the Nuisance Abatement Laws. These laws were active at the time defendants commenced actions against Plaintiff and they were ignored.

2

STATEMENT OF CLAIM

Defendants have a duty an obligation to the City and it's citizens to deal fairly, equatibly and even-handedly in its pusuit of evictions and stipulation agreements. Plaintiff, through the proofs, will show that he was denied equal protection when defendants commenced Civil proceedings, including stipulation agreements against him based on an invalid and unlawfully obtained agreement in which Plaintiff completed the agreed upon time successfully in any event.

IMMUNITY

It is Plaintiff's belief that the named defendants are not entitled to, or can they claim immunity as the evidence will show (a) Defendants, with full knowledge and forethought, purposely acted outside of their grant of power to violate Plaintiff's Constitutional Right to be free from descrimination in the government's selective process of targeting for Civil evictions proceedings and Stipulation agreements and all of there by-products. (b) Plaintiff has a right to expect to live free of unlawful and inappriate as well as unauthorized prosecutions by government officials, prosecutions similar to the pending Civil Proceedings as listed Exhibit "A" of this Complaint. Plaintiff is currently forced to present himself Pro Se in that matter. (c) to be free from institutionally dispatched disparate treatment by the government in the application and enforcement of its laws.

As a result, Plaintiff believes he clearly was, and continues to be denied due process and Equal Protections under the law. Defendants known or should have known they did not have proper legal standing and/or authority to commence legitimate Civil proceedings, for several reasons, the Stipulation Agreement relied upon to commence eviction proceedings had no legal force and effect and Plaintiff intends to offer compelling evidence that defendats have, and continue to systematically target minorities for the treatment herein described, which begs the question: how many others have suffered the same tr-eatment.

To be clear, Plaintiff is not alledging or suggesting that the Stipulation proceedings in and of themself violated his rights, but that defendants full-well knew or should have known they did not have authority to commence said Stipulation Agreement proceedings or any other Civil proceeding in the first instance, and the decision by defendants to proceed on with said unlawful proceedings was affected by race, especially in light of the fact that Plaintiff put defendants on notice to the fact that his rights were in-fact being violated. (see Plaintiff's Exhibit "C").

DEFENDANTS


DEFENDANT:     The City of New York
               New York City Corporation Counsel
               100 Church Street, 4th. Floor
               New York, New York 10007
               Phone: (212) 788-0303


DEFENDANT:     Lawrence Byrne, Deputy Commisioner of the City of New York
               Police Department Unit
               Civil Enforcement Unit
               2 Lafayette Street, 5th. Floor
               New York, New York 10007-1307


DEFENDANT:     Evan Gluck, Attorney for the Deputy Commissioner
               Police Department Unit
               Civil Enforcement Unit
               2 Lafayette Street, 5th. Floor
               New York, New York 10007-1307


    Defendant Lawrence Byrne is the Deputy Commisioner of
the City of New York and as such, he oversees and manages
the Attorneys for the Deputy Commisioner. He also is in-
volved and responsible for the policies and procedures
herein complained of which resulted in the violation of
Plaintiff's rights. Defendant Byrne, was also informed
of the violations of Plaintiff's rights through extensive
media reports and directly by Plaintiff's notification
marked Exhibit "C".


    Defendant Evan Gluck is the Attorney for the Deputy
Commisioner and as such, he personally commenced Order to
Show Cause proceedings in which Plaintiff is still forced
to defend himself  (Pro Se).

3

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _PlAinTIFF is seeking one Million Dollars_

_in Punitive Damages._

_(see statement of Claim hereto Attached)_

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _20th_ day of _January_ , 20_17_.

Signature of Plaintiff     _Bernard Robinson_

Mailing Address     _255 West 43rd St, APT. 128_

_New York, NY 10036_

Telephone Number     _(646) 804-1350_

Fax Number _(if you have one)_

Note:     All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners
must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the _Pro Se_ Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

BERNARD ROBINSON
255 West 43rd. St.,Apt.128
New York,NY 10036

CLERK                                                  1-20-17
U.S. District Court
Southern Dist. of NY
500 Pearl St.
New York,NY 10007

              Re: 16-CV-9633 (CM)

Dear Clerk of the Court:

        PLEASE FIND ENCLOSED my Amended Complaint for the above
referenced case. Also attached hereto, is an additional fact
sheet entitled Statement of Claim.

        Please contact me at the above address if there is
anything else I am  required to do at this time.



            Thank-You.



                          Respectfully Submitted,
                          Bernard Robinson
                          Bernard Robinson, Pro Se4
                          Phone: (646) 804-1550

```
12/05/2016          New York City Department Of Correction          IFCAIT01
                      View/Print Inmate Transactions                 I53803

   BAC Number : 3491604419          ROBINSON,BERNARD

   Date      Description        Notes              Reference      Amount    Balance
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320445274 (    0.50)     32.12
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320440549 (    0.90)     32.62
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320439133 (    0.50)     33.52
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320439030 (    0.50)     34.02
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320436798 (    0.50)     34.52
   12/04/16 VENDOR PHONE CHARG SUMM. IN 1320419900 1320431662 (    0.55)     35.02
   12/04/16 POSTAGE/CERT. MAIL 500PEARL ST NY10007 1320429090 (    7.00)     35.57
   12/03/16 VENDOR PHONE CHARG SUMM. IN 1320391858 1320409802 (    0.55)     42.57

   ┌─────────────────────────────────────────────────────────────────────────┐
   │    Available Balance    :    32.12    Unpaid Restitutions  :             │
   │    Total Balance        :    32.12    Held Check Balance   :             │
   │    Current Facility ID :ARDC          Surcharge Balance    :             │
   │    Status              :DETAINED      Uncollected Surcharge:             │
   │    Filing Fee Balance   :             Funds in Escrow      :             │
   └─────────────────────────────────────────────────────────────────────────┘

   <Next>=Down Page    <Prev>=Up Page      <F2>=Print Report     <F11>=Exit
   <F17>=Restitutions  <F18>=Phone Calls   <F20>=Date
   This is the first page.
```

NAPOLITANO MR

**DAILY NEWS** NYDailyNews.com

## FAMILIES TORN AP...

# 'WHAT'S RIGHT'

Tenants David Diaz and Jameelah El-Shabazz and Inwood laundromat owner Sung Cho will file a class-action lawsuit against the city on Wednesday seeking to have their "nuisance" cases declared unconstitutional. Lawyer Robert Johnson said similar practice was partially overturned recently in Philadelphia.

### HUNG OUT TO DRY

SUNG CHO said he'd never had any trouble with his business, Super Laundromat & Dry Cleaners, until December 2013, when police served him with a nuisance abatement action threatening to close it for a year, claiming it was facilitating the criminal possession of stolen property and thus posing "a serious public nuisance." The NYPD's proof: An undercover detective said he sold "stolen" electronics to two people hanging out at the Inwood laundry several months prior.

Cho, 55, and his employees weren't accused of breaking the law. But in order to stay open, Cho agreed that police could conduct warrantless searches and review his security footage at any time. He also agreed to give up his right to a hearing before being fined and shut down if police accuse anybody of breaking the law there in the future. The terms last in perpetuity, and would pass on to any new buyer or partner. "Who would want to buy it now, under these terms?" Cho asked.



**SUNG CHO**



**DAILY NEWS**

# LAW & DISORDER

● Stunning NYPD abuse of nuisance law
● Scores of innocents forced from homes

**JAMEELAH EL-SHABAZZ**

### HER SON'S BARRED

JAMEELAH EL-SHABAZZ'S son is permanently banned from her home as a result of drug allegations that the Bronx district attorney declined to prosecute.

Police claimed a confidential informant purchased PCP at the apartment twice in the Spring of 2011. Police raided the Longwood apartment and found a small amount of marijuana and 45 cups of a powdery substance cops said was cocaine. A lab test on the powder came back negative. El-Shabazz says it was crushed eggshells she uses in a spiritual ritual. The DA never pressed charges.

Four months later, she was served with the nuisance case and an order closing her apartment. El-Shabazz, 48, said she didn't realize her settlement meant her son Akin Shakoor, who has had several run-ins with the police, could never return.

"That was like 5,000 steps backward. Twenty-one years old, no job, just getting himself together, just getting enrolled in school, and I'm just going to tell him to pack his stuff and move out?" she said.

# city after being stung in 'nuisance' actions

individual cases.

"We have learned through hard experi- ... mother. They found two rocks of cocaine, a scale, a straw, razor blades and three plates ... ing the case is not worth it because I could be homeless."

So Diaz settled ... kicked out of an apartment," Johnson said.

All three plaintiffs were featured in The ...

JEFFERSON SIEGEL/DAILY NEWS

# REFORM TIME

## NYPD eases stand on nuisance abatement

**BY SARAH RYLEY**
NEW YORK DAILY NEWS

THE NYPD expressed willingness to compromise on a package of bills that would make sweeping changes to a decades-old law it has called a cornerstone of quality-of-life policing.

During a City Council hearing Wednesday on 13 bills that would reform the way the NYPD carries out its nuisance abatement actions, Assistant Commissioner Robert Messner, said the tool is critical for providing "direct and immediate relief" to neighborhoods affected by crime. Still, he said the NYPD "is supportive of the concepts behind many of these proposals and more broadly the goal of reforming" the law.

City Council Speaker Melissa Mark-Viverito and several other Council members introduced the Nuisance Abatement Fairness Act in response to an investigation by the Daily News and ProPublica that exposed widespread abuse of drug allegations.

The city enacted the law in 1977 to combat the sex industry in

Times Square during its heyday as a red-light district. The police have since used the law to fight other vices, such as unruly clubs, drug trafficking, gambling, and more recently, the sale of synthetic marijuana known as K2.

But The News/ProPublica analysis of 1,162 cases filed during an 18-month period beginning in 2013 found the NYPD also frequently sought closures of homes over low-level drug charges — some of which were ultimately dismissed — and were accused of selling beer to underage auxiliary officers.

Messner said the NYPD is willing to remove marijuana possession as a charge that could lead to an action, to shorten the time frame within which a case must be brought, and to refrain from using sealed criminal cases in its filings.

He also said the department backs a bill to make subject premises within the past year and any and all persons acting individually or in concert with them.

Among the most controversial elements of the law is the provision for ex parte orders — the legal term for an order sought in court without the other party present. The News and ProPublica found the NYPD had requested ex parte orders to close down a location in nearly every case.

The NYPD has since amended its ex parte practices, seeking closing orders less frequently and tailoring most of its requests in residential cases to exclude only "individuals arrested within the subject premises within that this is a law that has been in place for many years and it's a bit outdated, and so we need to fine-tune it," she said.

The Council is proposing to eliminate ex parte orders altogether, saying it would force officers to orchestrate another purchase after a search warrant has been executed, putting then confidential informants at risk.

NYPD Deputy Commissioner Lawrence Byrne said the department would be willing to codify the changes it has already made, but "would want to draft language that would allow us to use them in narrow circumstances."

Byrne said he also supports a measure to limit exclusions of people from homes to one year, or three in the most egregious cases.

He noted the NYPD has significantly reduced the number of nuisance cases it has filed overall — from 2,669 between 2013 and 2015, to 307 between January and October of this year.

Mark-Viverito said conversations with the NYPD have been productive. "I think it's really clear



**Deputy Police Commissioner Lawrence Byrne says NYPD is willing to formalize changes it has already made in policy.**

Byrne called this "fiction" the hearing.

NYPD officials did not respond when The News followed up by emailing four of the nuisance abatement cases that in fact, cited only confidential informant work.

In one recent case, NYPD claims a confidential informant bought marijuana and cocaine inside the XXX Barber Shop (photo) on Webster Ave. in the Bronx — which happened to be in Torres' district.

When The News sent its four cases to Torres, he said found Byrne's statements to be "misleading and disingenuous."

**DAILY NEWS** NYDailyNews.com

# FIGHTING FOR ALL

# 'IT'S ABOUT



## EXCLUSIVE

BY SARAH RYLEY
NEW YORK DAILY NEWS

THREE TENANTS who say cops forced them into signing away their constitutional rights are banding together to challenge the NYPD's use of the city's nuisance abatement law, the Daily News has learned.

"It's not about money. It's about doing what's right," said David Diaz, one of the three filing suit against the city and the NYPD over their alleged abuse of the decades-old law.

"I felt like it was unfair how I was treated, how they took advantage of me for not knowing the law, not knowing what I was signing."

The NYPD has called the law a "key component" of its ability to close locations that have become hubs of illegal activity, such as unruly nightclubs, drug houses, brothels, and more recently, bodegas selling synthetic marijuana.

But an investigation by The News and ProPublica — which analyzed more than 1,100 cases filed during 2013 and the first half of 2014 — found police also frequently filed the civil actions against households where one or two family members faced drug charges that were ultimately dismissed, and bodegas caught selling beer to undercover auxiliary officers.

The targets were almost exclusively in black and Hispanic neighborhoods.

The lawsuit, which seeks class action sta-
... and is expected to be filed in Manhattan

DAVID
DIAZ

## AN UNFAIR TRICK

DAVID DIAZ said he was tricked into banning four family members and a friend from his Bronx home for life by an NYPD lawyer who he thought was there to represent him. In September 2013, the police filed a nuisance abatement action against his apartment, his landlord and any "John Doe" tenants, citing two instances in which a confidential informant bought cocaine there and a search that turned up two rocks of cocaine and some drug paraphernalia in the bedrooms where two relatives were staying. Seven people were arrested, but only one was convicted. He said an NYPD at-
... lice served Diaz with the nuisance case. He said ... that fighting

BERNARD ROBINSON
11-11 Hazen St.
East Elmhurst, NV 11370


11-7-16

Clerk of the Court
New York County Supreme Court
80 Centre St., Room 320
New York, NV 1007

Re: The City of New York v. Bernard Robinson, et.al-
Index # 451054/2013

Dear Clerk of theCourt:

Enclosed Please Find a copy of a letter recently
sent to me notifying me that the above referrenced matter has
been adjourned to December 1, 2016.

I would like to notify the Court that I am diligently
seeking counsel to repr-esent me in this matter. I would like to
also notify the Court that this case involves and is being
prosecuted under the 1977 enacted Nuisance Abatement Laws which
are under gooing re-finement and amendments by City Counsel speaker
Melissa Mark-Viverto and others introduction of the Nuisance
Abatement Fairness Act.

Moreover, the instant case involves a confidential
informant. Particuler changes are being made, or has already
been made and passed into law regarding this area.

Under all of the aforementioned unique circumstances,
along with the fact(s) that this writer is indigent and is also
currently incarcerated and engaged in several other active court
proceedings. Respondent herein respectfully requests that the
Court Halt these proceedings until a time in the future where:

(a) The current changes in the relevant laws have been reviewed bythe Court to determine if the Court has proper juridiction

(b) If jurisdiction and other legal authorities are satisfied, to give Respondent a reasonable time to retain counsel, or, in the alternative, allow the Court to set or assign counsel if at all possible

(c) To give Respondent a reasonable time to prepare a proper response to this action if counsel is not retained

Respectfully Submitted,

Bernard Robinson, Pro Se

cc: Evan Gluck
    Lawrence  Byrne
    Deputy Commisioner, Legal Matters



**POLICE DEPARTMENT**
LEGAL BUREAU
CIVIL ENFORCEMENT UNIT
2 LAFAYETTE STREET-5th Floor
NEW YORK, N.Y. 10007-1307

October 24, 2016

Mr. Bernard Robinson
Robert N. Davoren Complex (RNDC)
11-11 Hazen Street
East Elmhurst, NY 11370

Re: The City of New York v. Bernard Robinson, et. al. -
Index # 451054/2013

Dear Mr. Robinson,

On October 13, 2016, an Order to Show Cause, Supporting Affirmation and Exhibits, for the above referenced action were served upon you by copies be mailed, via USPS overnight mail, to the correctional facility at which you currently being held. Furthermore, several copies were served at your residence, apartment # 128 of 255 West 43rd Street, New York, New York (the "subject premises,"), by copies being taped to the front door. Finally, several copies were also mailed, via USPS overnight mail, to the subject premises.

The aforementioned legal papers were filed by the City of New York on October 12, 2016, seeking to close your apartment for one (1) year due to your failure to abide by the terms of the Stipulation that you entered into with the City on July 30, 2013.

By the order of Judge James E. d'Auguste, this matter has been adjourned to 9:30 a.m. on December 1, 2016, to be heard at the following address:

New York County Supreme Court
80 Centre Street, Room 320
New York, New York 10007

I have spoken to two (2) different attorneys that are assisting you with other legal matters, Orier Okumapeyi of MFY Legal Services and Lisa Donchak of the Legal Aid Society. Both attorneys stated that they are not currently representing you on the above referenced nuisance abatement case. In the event that you are able to retain counsel, please have him/her contact me at 917-454-1125 as soon as possible to discuss this case.

In the event that you are unable or unwilling to obtain the assistance of an attorney, please contact the undersigned at your earliest convenience to discuss this case. Thank you.

Sincerely,

Evan Gluck
(for)   Lawrence Byrne
Deputy Commissioner
Legal Matters

*Ex Parte Motion Term*

At ~~Individual Assignment Part~~ 55 at
the Supreme Court of the State of New
York, held in and for the County of New
York, City and State of New York, at the
courthouse located at 60 Centre/~~Thomas~~
Street, New York, New York on the
13th day of *October*, 2016.

A

PRESENT:
HONORABLE **ALICE SCHLESINGER**

-------------------------------------------------X

THE CITY OF NEW YORK,

               Plaintiff,

        -against-

BERNARD ROBINSON; COMMON GROUND
COMMUNITY HOUSING DEVELOPMENT FUND
CORPORATION, INC.; THE LAND AND BUILDING
KNOWN AS 255-269 WEST 43RD STREET A/K/A
680-686 8TH AVENUE, TAX BLOCK 1015, TAX
LOT 1, COUNTY of NEW YORK, CITY and STATE
of NEW YORK; "JOHN DOE" and "JANE DOE,"
fictitiously named parties, true names unknown, the
intended being the owners, lessees, operators or
occupants of Unit 128 within the SRO located at 255
West 43rd Street, New York, New York; and any person
claiming any right, title or interest in the real property
which is the subject of this action,

               Defendants.

-------------------------------------------------X

**ORDER TO SHOW CAUSE**

INDEX NUMBER **451054/2013**

FILED ON:  10/12/2016

MS# 003 EP

Upon the annexed affirmation of Evan Gluck, Esq., dated October 12, 2016; and the
affidavit of Police Officer Mohammed Donzo, sworn to on September 6, 2016; together with the
Exhibits,

    LET defendants *or counsel appear and* show cause at I.A.S. Part 55 of the Court, Room ~~320~~ C2, to be
held at the Courthouse located at ~~60~~ 80 Centre/~~Thomas~~ Street, Borough of Manhattan, City
and State of New York, on the 18th day of *October* 2016, at 9:30 o'clock in the
fore/after noon of that day or as soon thereafter as counsel can be heard, why an order should not
be made, due to defendant BERNARD ROBINSON's refusal to comply with and carry out the

provisions of a Stipulation of Settlement, executed by said defendant and plaintiff, closing Apartment # 128 within the building located at 255 West 43rd Street, New York, New York (hereinafter the "subject premises") for a period of one (1) year, and for such other and further relief as the Court may deem just and proper.

NOW IT IS HEREBY ORDERED THAT, pursuant to Sections 6301 and 6313 of the Civil Practice Law and Rules, pending the hearing of this motion:

a)    Defendant BERNARD ROBINSON and any other individual permitted to stay inside the subject premises is enjoined from conducting, maintaining or permitting the criminal activity complained of herein; and

IT IS FURTHER ORDERED that service of a copy of this Order to Show Cause, together with the papers upon which it is based, be made upon defendants personally pursuant to CPLR § 308(1); or by leaving a copy thereof with a person of suitable age and discretion at the subject premises pursuant to CPLR § 308(2); and that this be deemed good and sufficient service on defendants, provided however, that if service is not made personally or to a person of suitable age and discretion, a copy of the papers will be posted at the subject premises and subsequently mailed to each defendant at his or her last known address by the overnight mail on or before the 13th day of October 2016. Plaintiff's attorney shall also contact BERNARD ROBINSON via telephone within one (1) week of today.

ORAL ARGUMENT REQUIRED.                     ENTER:

                                            Alice Schles
                                            J.S.C.

ALICE SCHLESINGER  J.S.C.  ALICE SCHLESINGER

'PREME COURT OF THE STATE OF NEW YORK
 JNTY OF NEW YORK
-------------------------------------------------------------X

THE CITY OF NEW YORK,

                Plaintiff,

          -against-

BERNARD ROBINSON; COMMON GROUND
COMMUNITY HOUSING DEVELOPMENT
FUND CORPORATION, INC.; THE LAND AND
BUILDING KNOWN AS 255-269 WEST 43RD
STREET A/K/A 680-686 8TH AVENUE, TAX
BLOCK 1015, TAX LOT 1, COUNTY of NEW
YORK, CITY and STATE of NEW YORK; "JOHN
DOE" and "JANE DOE," fictitiously named parties,
true names unknown, the intended being the owners,
lessees, operators or occupants of Unit 128 within the
SRO located at 255 West 43rd Street, New York,
New York; and any person claiming any right, title
or interest in the real property which is the subject of
this action,

                Defendants.
-------------------------------------------------------------X

**AFFIRMATION**

INDEX NUMBER **451054/2013**

       Evan Gluck, an attorney admitted to practice before the courts of this State, affirms the

truth of the following under the penalties of perjury pursuant to Section 2106 of the Civil Practice

Law and Rules:

## INTRODUCTORY STATEMENT

    1.    I am an attorney in the office of the Legal Bureau of the New York City Police

Department and of counsel to Lawrence Byrne, acting by designation of Zachary W. Carter,

Corporation Counsel for the City of New York, attorney for plaintiff herein. I make this

affirmation based upon my review of records maintained by, and information obtained from,

various departments of the city government and from statements made to me by certain officers or

agents of the City of New York.

2.     This action was originally commenced by the filing of a Summons and Verified Complaint on June 18, 2013. On June 19, 2013, an Order to Show Cause, a Supporting Affirmation and various exhibits were presented to the Court, to procure an Order, pursuant to Sections 7-707, 7-709, 7-710 and 7-711 of the New York City Administrative Code (hereinafter "Administrative Code"), enjoining and restraining defendants and all persons during the pendency of this action from the use and/or occupancy of Apartment # 128 within the building located at 255 West 43rd Street, Tax Block 1015, Tax Lot 1, County of New York, City and State of New York (hereinafter the "subject premises"), for any purpose whatsoever.

3.     On June 19, 2013, the Honorable Cynthia S. Kern ordered the subject premises restrained from being occupied for the criminal sale and/or possession of illegal drugs, or for any other activity in violation of Articles 220 and/or 221 of the New York State Penal Law. *See* copy of initial Order to Show Cause annexed hereto as Exhibit "1." Prior to the commencement of this action and the execution of the Court's Order, the subject premises was being used for the open and notorious sale of narcotics, namely crack-cocaine. *See* copy of initial Attorney's Affirmation, supporting exhibits, and the Summons and Verified Complaint, annexed hereto as Exhibit "2."

4.     On June 19, 2013, the subject premises was served with the Restraining Order by the New York City Police Department. On June 25, 2013, the case was heard by the Honorable Cynthia S. Kern. Due to the fact that no one appeared to oppose plaintiff's motion on this date, the Court granted plaintiff's request for a default judgment, thereby closing the apartment and restraining it from illegal drug activity pending resolution of the underlying nuisance abatement action. Pursuant to the Order, the subject premises was closed on June 26, 2013. *See* Order of the Honorable Cynthia S. Kern, annexed hereto as Exhibit "3."

5.     Subsequently defendant BERNARD ROBINSON filed an Order to Show Cause, seeking to vacate the Court's Preliminary Injunction and Closing Order, which was returnable to the Honorable Cynthia S. Kern on July 30, 2013. Defendant BERNARD ROBINSON appeared

ʿore the Court on July 30, 2013, and at this time the parties engaged in settlement negotiations in order to resolve this matter.

6.      On July 30, 2013, a final Stipulation of Settlement (hereinafter "Stipulation") was executed by plaintiff the City of New York and defendant BERNARD ROBINSON (the tenant/lessee/occupant of the subject premises), in which the parties stipulated and agreed to a number of parameters. The Stipulation was furthermore So Ordered by the Court. *See* copy of the duly executed Stipulation of Settlement dated July 24, 2015, annexed hereto as Exhibit "4."[1]

7.      Paragraphs two (2) and three (3) of the Stipulation state:

> (2) Defendant, BERNARD ROBINSON, his agents, assigns, sub-tenants and/or visitors, shall be permanently and perpetually enjoined from violating either Article 220 or 221 of the New York State Penal Law, or any of the parameters enumerated in Section 7-703 within Title 7 of the New York City Administrative Code inside the subject premises.

> (3) The subject premises located within defendant, THE LAND AND BUILDING KNOWN AS 255 WEST 43RD STREET a/k/a 680-686 8TH AVENUE, TAX BLOCK 1015, TAX LOT 1, COUNTY OF NEW YORK, CITY and STATE OF NEW YORK, shall be permanently and perpetually enjoined as a location where violation(s) of either Article 220 or 221 of the New York State Penal Laws, or any of the parameters enumerated in Section 7-703 within Title 7 of the New York City Administrative Code occur for so long as defendant BERNARD ROBINSON.

8.      Furthermore, paragraph five (5) of the Stipulation states:

> In the event there is any violation of paragraph (2) and/or (3) above, the subject premises shall be closed, upon application to this Court, by the New York City Police Department for a one (1) year period or until defendant COMMON GROUND COMMUNTIY HOUSING DEVELOPMENT FUND CORPORATION, INC. obtains lawful possession of the premises and presents proof of such possession to plaintiff's representative, which is earlier. Furthermore, upon presentation and acceptance of such proof, the landlord may re-rent the subject premises to a new tenant.

---

1 Please note that due to a typographical error, the Stipulation of Settlement contains an incorrect Index Number, although the Court's cover page, signed by the Honorable Cynthia S. Kern, does in fact contain the correct Index Number.

9.     Defendant BERNARD ROBINSON has brazenly disregarded the parameters of the Stipulation. Specifically, said defendant has violated paragraphs two (2) and three (3) regarding the injunction against violation(s) of Articles 220 and/or 221 of the New York State Penal Law within the subject premises, and/or allowing activities that have been deemed a nuisance under the terms of Section 7-703 within Title 7 of the New York City Administrative Code within the subject premises. As will be discussed in detail in the paragraphs below, the subject premises has been used on seven (7) separate dates to facilitate the sale and/or possession of crack-cocaine, cocaine, heroin and/or marijuana, in violation of Articles 220 and 221 of the New York State Penal Law and Section 7-703(g) and (l) of the New York City Administrative Code.

10.     During the week of January 25, 2016, an official investigation was conducted within the subject premises. On this date, a "buy" operation occurred inside the subject premises whereby a confidential informant purchased two (2) bags of alleged crack-cocaine from defendantBERNARD ROBINSON, who was operating within the subject premises. A field test and further analysis by the NYPD Laboratory confirmed that the substance purchased was in fact crack-cocaine.     The crack-cocaine was vouchered under Property Clerk Invoice Number 1000753533. *See* Affidavit of Police Officer Mohammed Donzo, annexed hereto as Exhibit "5" at paragraphs 3-6; NYPD Property Clerk Invoice, annexed hereto within Exhibit "6;" Field Test Report, annexed hereto within Exhibit "7;" and Laboratory Report, annexed hereto within Exhibit "8."

11.     During the week of February 1, 2016, another official investigation was conducted within the subject premises. On this date, a "buy" operation occurred inside the subject premises whereby a confidential informant purchased two (2) bags of crack-cocaine from defendant BERNARD ROBINSON, who was operating within the subject premises. A field test and further analysis by the NYPD Laboratory confirmed that the substance purchased was in fact crack-

caine.  The crack-cocaine was vouchered under Property Clerk Invoice Number 1000756492.

*See* Exhibit "5" at paragraphs 7-10; NYPD Property Clerk Invoice, annexed hereto within Exhibit

"6;" and Laboratory Report, annexed hereto within Exhibit "8."

12.     During the week of February 8, 2016, another official investigation was conducted

within the subject premises.  On this date, a "buy" operation occurred inside the subject premises

whereby a confidential informant purchased two (2) bags of crack-cocaine from from defendant

BERNARD ROBINSON, who was operating within the subject premises.  A field test and further

analysis by the NYPD Laboratory confirmed that the substance purchased was in fact crack-

cocaine.  The crack-cocaine was vouchered under Property Clerk Invoice Number 1000760601.

*See* Exhibit "5" at paragraphs 11-14; NYPD Property Clerk Invoice, annexed hereto within Exhibit

"6;" and Laboratory Report, annexed hereto within Exhibit "8."

13.     On February 24, 2016, officers from Narcotics Borough Manhattan South entered

the subject premises and executed a criminal court search warrant.  During execution of the warrant

a rock of crack-cocaine, fourteen (14) pieces of tin foil containing cocaine, a plastic bag containing

a substantial amount of crack-cocaine residue, a glassine envelope containing heroin, a plastic bag

containing marijuana and three (3) pipes with alleged crack-cocaine residue were recovered.  A

field test and further analysis by the NYPD Laboratory confirmed that the substances were in fact

crack-cocaine, cocaine, heroin and marijuana.  The narcotics were vouchered under Property Clerk

Invoice Number 1000765363.  *See* Exhibit "5" at paragraphs 15-18, NYPD Property Clerk

Invoice, annexed hereto within Exhibit "6;" Field Test Reports, annexed hereto within Exhibit "7;"

NYPD Lab Report, annexed hereto as Exhibit "8;" and copy of Search Warrant, annexed hereto

as Exhibit "9."

14.     During the week of March 21, 2016, another official investigation was conducted

within the subject premises.  On this date, a "buy" operation occurred inside the subject premises

whereby a confidential informant purchased a bag of crack-cocaine from defendant BERNARD

ROBINSON, who was operating within the subject premises. A field test and further analysis by the NYPD Laboratory confirmed that the substances were in fact crack-cocaine. The crack-cocaine was vouchered under Property Clerk Invoice Number 1000779453. *See* Exhibit "5" at paragraphs 19-22; NYPD Property Clerk Invoice, annexed hereto within Exhibit "6;" and Field Test Report, annexed hereto within Exhibit "7."

15.    During the week of March 28, 2016, another official investigation was conducted within the subject premises. On this date, a "buy" operation occurred inside the subject premises whereby a confidential informant purchased a bag of crack-cocaine from from defendant BERNARD ROBINSON, who was operating within the subject premises. A field test and further analysis by the NYPD Laboratory confirmed that the substances were in fact crack-cocaine. The crack-cocaine was vouchered under Property Clerk Invoice Number 1000781302. *See* Exhibit "5" at paragraphs 23-26; NYPD Property Clerk Invoice, annexed hereto within Exhibit "6;" and Field Test Report, annexed hereto within Exhibit "7."

16.    On April 12, 2016, officers from Narcotics Borough Manhattan South entered the subject premises and executed a criminal court search warrant. During execution of the warrant seventeen (17) bags of crack-cocaine were recovered. A field test and further analysis by the NYPD Laboratory confirmed that the substances were in fact crack-cocaine. Furthermore, eighteen (18) glassine envelopes and a glass jar were recovered that contained a white powdered substance; although the white substance was originally believed to be cocaine testing of this substance yielded negative results. These and other items were vouchered under Property Clerk Invoice Number 1000786208. *See* Exhibit "5" at paragraphs 27-29; NYPD Property Clerk Invoice, annexed hereto within Exhibit "6;" Field Test Reports, annexed hereto within Exhibit "7;" and copy of Search Warrant, annexed hereto as Exhibit "10."

17.    Defendant BERNARD ROBINSON, who was once again inside the subject premises at the time of the search warrant execution, was arrested for violation of the New York State Penal Law Sections 220.16(1), Criminal Possession of a Controlled Substance in the Third Degree, 220.06(1) Criminal Possession of a Controlled Substance in the Fifth Degree and 220.03, Criminal Possession of a Controlled Substance in the Seventh Degree. *See* Exhibit "5," at paragraph 30.

18.    Samples of all the narcotics purchased and/or recovered at the subject premises on the above dates were subjected to field tests and/or testing by the NYPD Laboratory, and in virtually all instances it was confirmed that the substances were illegal drugs.[2] *See* Exhibits "5" through "8."

19.    The refusal or the inability of defendant BERNARD ROBINSON to obey the Stipulation constitutes a contempt of court and is also injurious to the health, safety and welfare of the surrounding community. As a result of defendant BERNARD ROBINSON's violations of the Stipulation, which will be proven at the hearing, plaintiff respectfully requests that the subject premises immediately be ordered closed for a period of one (1) year or until defendant COMMON GROUND COMMUNTIY HOUSING DEVELOPMENT FUND CORPORATION INC. obtains lawful possession of the premises.

20.    Furthermore, plaintiff respectfully requests that this Court immediately grant a Temporary Restraining Order, prohibiting defendant BERNARD ROBINSON from entering the subject premises until this Court has an opportunity to fully determine if a breach has occurred.

---

2 As recounted in paragraph 28 of Exhibit "5," the only substance recovered from the subject premises that was not shown to be illegal drugs was a powder contained within eighteen (18) glassine envelopes that were recovered during the April 12, 2016, search warrant,  Although, on this same date crack-cocaine was recovered from the subject premises.

21.    C.P.L.R. § 6301 grants this Court the power to impose a Temporary Restraining Order "where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had." Furthermore, as per C.P.L.R. § 6313, if "plaintiff shall show that immediate and irreparable injury, loss or damages will result unless the defendant is restrained before a hearing can be had, a temporary restraining order may be granted without notice."

22.    Defendant BERNARD ROBINSON's persistent and intentional illegal use of the subject premises constitutes irreparable harm to the City of New York, its residents and visitors. Indeed, in the legislative declaration incorporated into the Nuisance Abatement Law, the City Council recognized that any violation of the law deemed to be a public nuisance is, by definition, harmful to the public. As discussed in plaintiff's original affirmation, three (3) violations of Article 220 of the New York State Penal Law have been labeled a public nuisance pursuant to Section 7-703(g) of the New York City Administrative Code. *See* paragraph sixteen (16) of Affirmation contained within Exhibit "2."

23.    Accordingly, plaintiff has established that defendant BERNARD ROBINSON is maintaining a public nuisance and, therefore, plaintiff is entitled to a temporary restraining order pursuant C.P.L.R. § 6301.

24.    I have been duly authorized by plaintiff to make this application and take this proceeding for and on its behalf to punish defendant BERNARD ROBINSON for his wrongful neglect and refusal to comply with the Stipulation submitted to the court herein.

25.    No prior application for this relief has been made to this or any other court or justice.

WHEREFORE, an Order is respectfully requested that, the Court immediately grant a Temporary Restraining Order, prohibiting defendant KENNETH DAVIS from conducting, maintaining or permitting the criminal activity complained of herein. AND, UPON THE FIRST

HEARING OF THIS MATTER, IT IS FURTHER REQUESTED THAT during the continued

pendency of this action the Court issue an Order:

    a)    Prohibiting defendant BERNARD ROBINSON from entering the subject premises

for any purpose whatsoever;

    b)    Enjoining any other individual permitted to stay inside the subject premises is

pursuant to the stipulation of settlement executed by the parties; and

    c)    Enjoining defendant BERNARD ROBINSON and any other individual permitted

to stay inside the subject premises from removing or in any other manner interfering with the

furniture, fixtures and movable property.

DATED:      New York, New York
              October 12, 2016

                                  Evan Gluck, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------

THE CITY OF NEW YORK,

                                    Plaintiff,

        - against -

BERNARD ROBINSON; COMMON GROUND
COMMUNITY HOUSING DEVELOPMENT
FUND CORPORATION, INC.; THE LAND AND
BUILDING KNOWN AS 255-269 WEST 43RD
STREET A/K/A 680-686 8TH AVENUE, TAX
BLOCK 1015, TAX LOT 1, COUNTY of NEW
YORK, CITY and STATE of NEW YORK; "JOHN
DOE" and "JANE DOE," fictitiously named parties,
true names unknown, the intended being the owners,
lessees, operators or occupants of Unit 128 within the
SRO located at 255 West 43rd Street, New York,
New York; and any person claiming any right, title
or interest in the real property which is the subject of
this action,

                            Defendants.

-------------------------------------------------

**SUPPLIMENTAL**
**ATTORNEY AFFIRMATION**

Index No.:451054/2013

Filed On: 10/12/2016

        Evan Gluck, an attorney admitted to practice before the courts of this State, affirms the

truth of the following under the penalties of perjury pursuant to Section 2106 of the Civil Practice

Law and Rules:

        1.        I am an attorney in the office of the Legal Bureau of the New York City Police

Department and of counsel to Lawrence Byrne, acting by designation of Zachary W. Carter,

Corporation Counsel of the City of New York, attorney for plaintiff herein. I make this affirmation

based upon my review of records maintained by, and information obtained from, various

departments of the city government and from statements made to me by certain officers or agents

of the City of New York.

2.      This affirmation is submitted in support of plaintiff's Order to Show Cause for a
temporary restraining order and pursuant to Section 6301 of the CPLR, enjoining and restraining
defendant BERNARD ROBINSON and any other individual permitted to stay inside apartment
128 of 255 West 43rd Street, New York, New York (hereinafter the "the subject premises") from
conducting, maintaining or permitting the criminal sale/possession of illegal drugs, as well as
enforcement of the Stipulation dated July 30, 2013.

3.      On October 12, 2016, using the New York State Unified Court System E-Courts
website, I was able to determine that BERNARD ROBINSON's criminal case associated with his
arrest on April 12, 2016, is still active, and has its next appearance date on October 31, 2016, In
New York Supreme Court – Criminal Term. I also determined that the Assistant District Attorney
assigned to the case is Gabriel Cohen. That same day I had a telephone conversation with Mr.
Cohen who confirmed that BERNARD ROBINSON's criminal case is pending and that he is
currently incarcerated.

4.      Today, using the New York City Department of Correction's Inmate Lookup
Service website, I was able to confirm that BERNARD ROBINSON is in fact currently
incarcerated and being held at the Robert N. Davoren Center.

5.      Finally, upon information and belief, BERNARD ROBINSON is the only known
tenant and/or occupant of the subject premises. This is based on my telephone conversations with
Charles Krausche, an attorney at Kellner Herlihy Getty & Friedman, LLP, the firm that represents
Breaking Ground, the non-profit organization that owns and operates 255 West 43rd Street, New

York, New York. Mr. Krausche and Breaking Ground are aware of plaintiff's motion and support the enforcement of the stipulation due to BERNARD ROBINSON's criminal activity within the subject premises.

DATED:  New York, New York
        October 13, 2016

ZACHARY W. CARTER, ESQ.
Corporation Counsel of the
City of New York
LAWRENCE BYRNE, ESQ.
Deputy Commissioner
Legal Matters
New York City Police Dept.
Attorney for Plaintiff

By:    Evan Gluck, Esq.
Two Lafayette St. - 5th Fl.
New York, New York 10007
917-454-1125

## LIST OF EXHIBITS

**Exhibit 1:**    **Copy of Initial Order to Show Cause**

**Exhibit 2:**    **Copies of Initial Attorney Affirmation, Exhibits, Summons & Complaint**

**Exhibit 3:**    **Copy of Default Order**

**Exhibit 4;**    **Copy of Stipulation**

**Exhibit 5:**    **Affidavit of P.O. Donzo**

**Exhibit 6:**    **Property Clerk Invoices**

**Exhibit 7:**    **Field Test Reports**

**Exhibit 8:**    **NYPD Lab Reports**

**Exhibit 9:**    **Copy of First Search Warrant**

**Exhibit 10:**    **Copy of Second Search Warrant**

At Individual Assignment Part ____ of the
Supreme Court of the State of New York,
held in and for the County of New York,
City and State of New York, at the
Courthouse located at ____ Centre Street,
New York, New York on the ___ day of
____JuNe____, 2013.

**CYNTHIA S. KERN**

PRESENT: HONORABLE _____**J.S.C.**_____,
                                    Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE CITY OF NEW YORK,

                         Plaintiff,

        - against -

BERNARD   ROBINSON;   COMMON   GROUND
COMMUNITY   HOUSING   DEVELOPMENT   FUND
CORPORATION, INC.; THE LAND AND BUILDING
KNOWN AS 255-269 WEST 43RD STREET a/k/a 680-686
8TH AVENUE, TAX BLOCK 1015, TAX LOT 1, COUNTY
of NEW YORK, CITY and STATE of NEW YORK;
"JOHN DOE" and "JANE DOE", fictitiously named parties,
true names unknown, the intended being the owners, lessees,
operators or occupants of Unit 128 within the SRO located
at 255 West 43rd Street, New York, New York; and any
person claiming any right, title or interest in the real
property which is the subject of this action,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER TO SHOW CAUSE**

Index No.  451054 / 13

Filed on:  June  18, 2013

        Upon the annexed affirmations of Allison L. Arenson, Esq., dated June 18; the

affirmation of good faith, dated June 18, 2013; the affidavit of Detective Tarah Barrett, sworn to

on April 5, 2013; the affidavit of Detective Edwin Feliciano, sworn to on April 5, 2013; together

with the exhibits, Summons and Verified Complaint, verified by Gabriel Taussig, Esq., on

February 25, 2013,

LET the defendants or their attorneys appear and Show Cause before this Court at I.A.S. Part 55 of the Court, Room 432, to be held at the Courthouse, 60 Centre Street, County of New York, City and State of New York, on the 25th day of June, 2013, at 9:30 o'clock in the 9:30 noon of that day or as soon thereafter as counsel can be heard.

Why an Order should not be made pursuant to Sections 7-1205, 7-709, 7-710 and 7-711 of the New York City Administrative Code, enjoining the Defendants, their agents, employees and/or representatives, and all persons acting individually or in concert with them, during the pendency of this action:

A.    From the use and/or occupancy of Unit 128 within the SRO located at 255 West 43rd Street, Tax Block 1033, Tax Lot 6, New York, New York, (hereinafter the "subject premises") for any purpose whatever and directing that said premises;

B.    From removing or in any other manner interfering with the furniture, fixtures and movable property used in conducting, maintaining or permitting the nuisance complained of herein;

C.    From conducting, maintaining, operating or permitting the subject premises to be used or occupied for the criminal sale or possession of controlled substances and/or marijuana, or for any other activity in violation of either Articles 22 or 221 of the New York Penal Law; and

D.    From conducting or maintaining a criminal nuisance within the subject premises by allowing the sale or possession of controlled substances and/or marijuana which creates a criminal nuisance pursuant to Section 240.45 of the New York Penal Law.

**NOW IT IS HEREBY ORDERED THAT**, pending the hearing of this motion, the Defendants, their agents, employees and/or representatives, and any and all persons acting individually or in concert with them are enjoined, pursuant to Sections 7-709, 7-710 and 7-711 of the New York City Administrative Code:

1.      From the use and/or occupancy of Unit 128 within the SRO located at 255 West 43rd Street, Tax Block 1033, Tax Lot 6, New York, New York, for any purpose whatever and directing that said premises shall be closed, and that the New York City Police Department shall take all steps necessary to effectuate this closing order; and

2.      From removing or in any other manner interfering with the furniture, fixtures and movable property used in conducting, maintaining or permitting the nuisance complained of herein; and

3.      From conducting, maintaining, operating or permitting the subject premises to be used or occupied for the criminal sale or possession of controlled substances and/or marijuana, or for any other violation of either Article 220 or 221 of the New York Penal Law, and

4.      From conducting or maintaining a criminal nuisance within the subject premises by allowing the sale or possession of controlled substances and/or marijuana which creates a criminal nuisance pursuant to Section 240.45 of the New York Penal Law; and it is further

J.S.C.

J.S.C.

J.S.C.

CYNTHIA S. KERN
J.S.C.

(Intentionally left blank)

**ORDERED** that service of a copy of this Order to Show Cause, together with the papers upon which it is based along with service of the Summons and Verified Complaint, be made upon the Defendants personally; or by leaving a copy thereof with a person of suitable age and discretion at the subject premises; or if service by either of these methods cannot be effectuated, by posting a copy thereof at the subject premises, on ~~or before~~ the 19 day of June, 2013, and that this be deemed good and sufficient service on the Defendants, provided however, that if service is not made personally, a copy of the papers will be mailed to such Defendant at his or her last known address by overnight mail on ~~or before~~ the 19 day of June, 2013.

Oral Argument
Directed

JSC _____

CYNTHIA S. KERN
J.S.C.

ENTER:

_____
J.S.C.

CYNTHIA S. KERN
CYNTHIA S. KERN J.S.C.
J.S.C.

FILED: NEW YORK COUNTY CLERK 06/18/2013 Case 1:13-cv-09665-PGG-DCF Document 63 Filed 01/20/17 Page 34 of 68. 451054/2013

NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 06/18/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE CITY OF NEW YORK,

                     Plaintiff,

   - against -

BERNARD ROBINSON; COMMON GROUND
COMMUNITY HOUSING DEVELOPMENT FUND
CORPORATION, INC.; THE LAND AND BUILDING
KNOWN AS 255-269 WEST 43RD STREET a/k/a 680-686
8TH AVENUE, TAX BLOCK 1015, TAX LOT 1, COUNTY
of NEW YORK, CITY and STATE of NEW YORK; JOHN
DOE" and "JANE DOE", fictitiously named parties, true
names unknown, the intended being the owners, lessees,
operators or occupants of Unit 128 within the SRO located
at 255 West 43rd Street, New York, New York; and any
person claiming any right, title or interest in the real
property which is the subject of this action,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AFFIRMATION**

Index No. 451054/13

Filed on: June 18, 2013

    Allison L. Arenson, an attorney admitted to practice before the courts of this State,

affirms the truth of the following under the penalties of perjury pursuant to § 2106 of the Civil

Practice Law and Rules:

## INTRODUCTORY STATEMENT

   1.    I am an attorney in the office of the Legal Bureau of the Police Department and of

counsel to Deborah L. Zoland, acting by designation of Michael A. Cardozo, Corporation

Counsel for the City of New York, attorney for Plaintiff herein. I make this affirmation based

upon my review of records maintained by, and information obtained from, various departments

of the city government and from statements made to me by certain officers or agents of the City

of New York.

2.      This affirmation is submitted in support of the plaintiff's order to show cause for a temporary restraining order and preliminary injunction pursuant to Sections 7-707, 7-710 and 7-711 of the New York City Administrative Code ("Administrative Code") and Section 6301 of the New York Civil Practice Law and Rules, enjoining and restraining defendants and all persons during the pendency of this action from maintaining, creating, conducting or permitting a public nuisance within Unit 128 inside the SRO located at 255 West 43rd Street, Tax Block 1015, Tax Lot 1, New York, New York (hereinafter the "subject premises"), by prohibiting the defendants from allowing said premises to be used for the purpose of selling and/or possessing controlled substances and/or marijuana, or any other illegal activity. To enforce such temporary restraining order and preliminary injunction, plaintiff's application includes a request for the issuance of a closing order pursuant to Sections 7-707, 7-709 and 7-711 of the Administrative Code.

## BACKGROUND FACTS

3.      Plaintiff, the City of New York, is a municipal corporation incorporated under the laws of the State of New York.

4.      The real property which is the subject of this action is 255-269 West 43rd Street a/k/a 680-686 8th Avenue, Tax Block 1015, Tax Lot 1, New York, New York. Unit 128 within the SRO located at 255 West 43rd Street, New York, New York is the location where the activities complained of herein are occurring.

5.      Defendant, BERNARD ROBINSON, upon information and belief, is the current resident and/or operator of the subject premises.

6.      Defendant, COMMON GROUND COMMUNITY HOUSING DEVELOPMENT FUND CORPORATION, INC. is the last recorded owner of the real property which is the subject of this action according to a Deed recorded in New York County, Office of the City

Register. *See* copy of the Deed annexed hereto as Exhibit "1".

7.      Unit 128 within the SRO located within defendant THE LAND AND BUILDING KNOWN AS 255-269 WEST 43RD STREET a/k/a 680-686 8TH AVENUE, TAX BLOCK 1015, TAX LOT 1, COUNTY of NEW YORK, CITY and STATE of NEW YORK, is the subject premises where the activities complained of in this complaint have taken place and are taking place.

8.      Defendants "JOHN DOE" and "JANE DOE" are fictitiously named parties, true names unknown, the parties intended being any person or entity who is an owner, lessor, lessee, operator, employee, agent and/or occupant of the subject premises, and any other person or entity claiming any right, title or interest in the real property which is the subject of this action.

## ILLEGAL ACTIVITY OCCURRING AT THE SUBJECT PREMISES IN VIOLATION OF THE NEW YORK STATE PENAL LAW

9.      Since September 22, 2012, inclusive, the subject premises has been the site of at least four (4) controlled "buy" operations of controlled substances, and the execution of a criminal court search warrant resulting in the recovery of controlled substances and the arrest of one (1) individual.

10.     On September 22, 2012, a confidential informant known to the New York City Police Department entered the subject premises and purchased two (2) glassines of heroin from an individual operating within the unit in exchange for twenty dollars ($20.00) United States currency. *See* affidavit of Detective Tarah Barrett annexed hereto as Exhibit "2", and the corresponding Chemical Field Tests, Property Clerk Invoices and Laboratory Report annexed hereto within Exhibit "3".

11.     On October 3, 2012, a confidential informant known to the New York City Police

Department entered the subject premises and purchased one (1) plastic twist of crack cocaine from an individual operating within the unit in exchange for twenty dollars ($20.00) United States currency. *See* affidavit of Detective Tarah Barrett annexed hereto as Exhibit "2", and the Chemical Field Test Report, Property Clerk Invoice and Laboratory Report annexed hereto within Exhibit "4".

12.   On October 11, 2012, a confidential informant known to the New York City Police Department entered the subject premises and purchased two (2) red ziplock bags of crack cocaine from an individual operating within the unit in exchange for forty dollars ($40.00) United States currency. *See* affidavit of Detective Tarah Barrett annexed hereto as Exhibit "2", and the Chemical Field Test Report, Property Clerk Invoice and Laboratory Report annexed hereto within Exhibit "5".

13.   On October 17, 2012, a confidential informant known to the New York City Police Department entered the subject premises and purchased two (2) twists of crack cocaine from an individual operating within the unit in exchange for forty dollars ($40.00) United States currency. *See* affidavit of Detective Edwin Feliciano annexed hereto as Exhibit "6", and the Chemical Field Test Report, Property Clerk Invoice and Laboratory Report annexed hereto within Exhibit "7".

14.   On October 18, 2012, a criminal court search warrant was executed within the subject premises. During the execution of this warrant six (6) ziplock bags containing crack cocaine as well as drug paraphernalia with and without cocaine residue or marihuana as well as a sum of United States currency were recovered within the unit. As a result of the execution of the search warrant, defendant Bernard Robinson was arrested and charged with violating New York State Penal Law sections 220.16, Criminal possession of a controlled substance in the third

degree; 220.50, Criminal use of drug paraphernalia in the second degree; 220.03, Criminal possession of a controlled substance in the seventh degree; and 221.05, Unlawful possession of marihuana. *See* affidavit of Detective Tarah Barrett annexed hereto as Exhibit "2"; and a copy of the Criminal Court Search Warrant annexed hereto as Exhibit "8" and the corresponding Chemical Field Test Report, Property Clerk Invoice and Laboratory Report annexed hereto within Exhibit "9".

15.    In each case in which alleged controlled substances was purchased from an individual operating inside the subject premises, the seller appeared to have evinced a "business as usual" attitude in the subject premises.

16.    In each instance in which alleged controlled substances were purchased and/or recovered, the purchased and/or recovered substance was subjected to a chemical analysis to determine its content. In each case, the chemical analysis revealed that the alleged controlled substance was, in fact, a controlled substance. *See* Exhibits "2", "3", "4", "5", "6", "7" and "9".

17.    Upon information and belief the subject premises remains open and the illegal activity continues.

## APPLICABLE LAW

18.    In 1977, the New York City Council enacted the Nuisance Abatement Law with the express purpose of addressing the serious problem created by:

> the operation of certain commercial establishments . . . in flagrant violation of the . . . multiple dwelling laws, penal laws regulating . . . controlled substances and dangerous drugs . . . all of which interfere[s] with the interest of the public in the quality of life and total community environment, the tone of commerce in the city, property values and the public health, safety and welfare . . . Administrative Code, Section 7-701.

19.    Pursuant to Section 7-703 of the Administrative Code, a public nuisance includes:

> (g)  Any building, erection or place including one- or two-family dwellings,

wherein, within the period of one year prior to the commencement of an action under this chapter, there have occurred three or more violations of any of the provisions of article two hundred twenty, two hundred twenty-one or two hundred twenty-five of the penal law [offenses relating to controlled substances, marihuana or gambling];

(l)  Any building, erection or place including one- or two- family dwellings, wherein there exists or is occurring a criminal nuisance as defined in Section 240.45 of the penal law.

20.    Section 240.45 of the Penal Law states that:

A person is guilty of Criminal Nuisance in the second degree when:

1. By conduct either unlawful in itself or unreasonable under all circumstances, he knowingly or recklessly creates or maintains a condition which endangers the safety or health of a considerable number of persons; or

2. He knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct.

21.    Pursuant to Section 7-706 of the Administrative Code, the Corporation Counsel is explicitly authorized to bring and maintain an action in the Supreme Court to permanently enjoin the above public nuisances, as well as to permanently enjoin the person or persons conducting, maintaining or permitting such public nuisances from further conducting, maintaining or permitting such public nuisances.  In addition, the Corporation Counsel is expressly authorized to seek civil penalties of up to $1,000.00 for each day such public nuisances have been intentionally conducted, maintained or permitted.

## A PUBLIC NUISANCE EXISTS AT THE SUBJECT PREMISES

22.    A public nuisance, as defined by Section 7-703 of the Administrative Code, exists at the subject premises.  As stated above, the Nuisance Abatement Law Section 7-703 (g) declares a premises to be a public nuisance where three (3) or more violations of either Article 220, 221, or 225 of the New York Penal Laws have occurred inside a premises within the year preceding commencement of an action.  Additionally, Nuisance Abatement Law Section 7-703

(l) declares a premises to be a public nuisance where it is operated in such a manner as to endanger the safety or health of a considerable number of persons or it is conducted or maintained for persons to gather for purposes of engaging in unlawful conduct, regardless of the number of incidents.

23.    The evidence set forth in support of this Order to Show Cause clearly demonstrates that the subject premises is a public nuisance under Sections 7-703 (g) and (l) of the Nuisance Abatement Law.  The supporting affidavit and exhibits demonstrate that on four (4) occasions, controlled substances were purchased and/or recovered from an individual operating within the subject premises.  *See* Exhibits "2" through "9".

24.    Despite the grave consequences of this illegal conduct, the operator within this establishment has brazenly continued their illegal activities and the criminal activity has not ceased at the subject premises.  It is clear that a closing order is the only effective remedy to abate this serious public nuisance.

## PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER

25.    Plaintiff has demonstrated that Defendants are trafficking in and/or permitting the sale and/or possession of controlled substances within the subject premises in violation of the New York State Penal Laws, and are creating a criminal nuisance pursuant to Section 240.45 of the New York State Penal Law.  Plaintiff is therefore entitled to a judgment permanently enjoining Defendants from continuing their illegal use and occupancy of the subject premises. Pending an action for a permanent injunction the Court may grant a preliminary injunction to enjoin the public nuisance.  The Court may also issue a temporary restraining order upon the motion for a preliminary injunction.

26.    The Nuisance Abatement Law itself specifically provides for preliminary injunctive relief ancillary to an action for a permanent injunction.    Section 7-707(a) of the Administrative Code provides that:

> Pending an action for a permanent injunction as provided for in section 7-706 of this subchapter, the court may grant a preliminary injunction enjoining a public nuisance within the scope of this article and the person or persons conducting, maintaining or permitting the public nuisance from further conducting, maintaining or permitting the

public nuisance . . .

27.    *Ex parte* temporary relief is authorized pursuant to section 7-710(a) of the Code. This section also specifies that such temporary relief shall remain in effect pending further order of the court:

> If on a motion for a preliminary injunction pursuant to section 7-1205 of this subchapter, the corporation counsel shall show by clear and convincing evidence that a public nuisance within the scope of this article is being conducted, maintained or permitted and that the public health, safety or welfare immediately requires a temporary restraining order, such temporary restraining order may be granted without notice restraining the defendants and all persons from removing or in any manner interfering with the furniture, fixtures, and movable property used in conducting, maintaining or permitting the public nuisance and from further conducting, maintaining or permitting the public nuisance, <u>pending order of the court granting or refusing the preliminary injunction and until further order of the court</u>. . . . [emphasis added]

28.    Since Plaintiff is seeking injunctive relief *pendente lite* under the Administrative Code Nuisance Abatement Law, a showing of immediate and irreparable injury is not a prerequisite to the injunctive relief sought herein. *City of New York v. Castro*, 143 Misc.2d 766, 542 N.Y.S.2d 101, *aff'd*, 559 N.Y.S.2d 508 (1st Dept. 1990); *City of New York v. Bilynn Realty Corp.*, 118 A.D.2d 511, 499 N.Y.S.2d 1011 (1st Dept. 1986); *Town of Islip v. Clark*, 90 A.D.2d 500, 454 N.Y.S.2d 893 (2d Dept. 1982); *City of Utica v. Ortner*, 256 App. Div. 1039, 10 N.Y.S.2d 729 (4th Dept.1939); *City of New York v. Narod Realty Corp.*, 122 Misc.2d 885, 471 N.Y.S.2d 757 (Sup. Ct. New York Cty. 1983); *Rochester v. Gutberlett*, 211 N.Y. 309 (1914); *People ex rel. Bennett v. Laman*, 277 N.Y. 368 14, N.E.2d 439 (1938); *City of New York v.*

*Goldman*, N.Y.L.J. 04/03/85, p. 11 (Sup. Ct. N.Y. Cty.), *aff'd*, 115 A.D.2d 423, 496 N.Y.S.2d 954 (App. Div. 1st Dept., 1985), *rearg. denied*, 01/16/86, (App. Div. 1st Dept.). Rather, since injunctive relief is specifically authorized by statute, the Plaintiff need only show that the statutory conditions have been satisfied. Therefore, a *prima facie* showing that the Defendants are indeed violating the relevant law is sufficient to entitle the municipality to a preliminary injunction *pendente lite*.

29.    In the case herein, there can be no doubt that the Defendants are permitting the subject premises to be used for the illegal sale and/or possession of controlled substances. Indeed, the Plaintiff has established by clear and convincing evidence that the Defendants are maintaining a public nuisance as defined by Sections 7-703(g) and 7-703(l) of the Nuisance Abatement Law, and is thus entitled to a preliminary injunction and a temporary restraining order pursuant to Sections 7-707 and 7-710 of the Administrative Code.

30.    Upon information and belief, the neighboring community has severely suffered and continues to suffer, as a result of the illegal activity occurring within the subject premises. Therefore, the Court should grant a temporary restraining order pending its determination on the motion for a preliminary injunction.

31.    On a motion for injunctive relief pursuant to the Nuisance Abatement Law, the City of New York need only prove that the requisite activity occurred within the subject premises during the applicable time period, if any. *City of New York v. Bilynn Realty Corp., et al.*, 499 N.Y.S.2d 1011 (1st Dep't, 1986); *City of New York v. Castro, et al.*, 559 N.Y.S.2d 508 (1st Dep't, 1990).

32.    Moreover, the personal fault or knowledge of the owner and/or lessee are not material considerations in deciding an application for injunctive relief under the Nuisance

Abatement Law. *Castro, supra*; *City of New York v. Capri Cinema, Inc., et al.*, 641 N.Y.S.2d 969 (Sup. Ct., N.Y. County, 1995).

33.    In fact, injunctive relief under the Nuisance Abatement Law is not even rendered moot if the landowner regained legal possession of the premises from the offending tenant prior to the commencement of the nuisance abatement action. *City of New York v. Mor, et al.*, 690 N.Y.S.2d 33 (1st Dep't, 1999); *City of New York v. Partnership 91, L.P., et al.*, 716 N.Y.S.2d 659 (1st Dep't, 2000).

34.    Even if the Nuisance Abatement Law provisions for preliminary injunctions and temporary restraining orders did not exist, this Court could nonetheless grant a preliminary injunction and a temporary restraining order pursuant to C.P.L.R. § 6301. In determining whether a preliminary injunction is warranted under C.P.L.R. § 6301, the courts have traditionally employed a three-pronged test, requiring that the moving party demonstrate: (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of a preliminary injunction; and (3) that the balancing of equities favors its position. *See, Gambar Ent., Inc. v. Kelly Serv.*, 69 A.D.2d 297, 306, 418 N.Y.S.2d 818, 824 (4th Dept., 1979); *Paine & Chriscott v. Blair House Assoc.*, 70 A.D.2d 31, 32, 417 N.Y.S.2d 68, 69 (1st Dept., 1979). The plaintiff respectfully submits that the evidence satisfies this traditional three-pronged test.

35.    First, the plaintiff's likelihood of success on the merits is strongly supported by the evidence submitted in support of this motion. There have been multiple violations of Article 220 and 221 of the New York State Penal Law as defendants have permitted the sale and/or possession of controlled substances and/or marijuana to occur within the subject premises.

36.    Second, the defendants' persistent and intentional illegal use of the subject premises constitutes irreparable harm to the City of New York, its residents and visitors. Indeed,

in the legislative declaration incorporated into the Nuisance Abatement Law, the City Council recognized that any violation of the law deemed to be a public nuisance is, by definition, harmful to the public.

37.    Third, the equities are balanced in favor of the plaintiff. The subject premises is currently being operated, occupied, and used illegally and thus, upon information and belief no legitimate interest of defendants will be harmed by an injunction. In contrast, the City of New York, and the public at large which it is required to protect, will benefit greatly if this location is prohibited from illegally selling and/or possessing controlled substances.

38.    Accordingly, the plaintiff has established a prima facie case that the defendants are maintaining a public nuisance and, therefore, plaintiff is entitled to a preliminary injunction and a temporary restraining order pursuant to § 7-707 and § 7-710 of the Administrative Code and C.P.L.R. § 6301.

## IN SUPPORT OF A CLOSING ORDER

39.    Plaintiff also seeks an order directing that the subject premises be closed against all use pending the determination of this action and during the pendency of the instant motion for a preliminary injunction. As set forth above, an active and ongoing public nuisance is operating at the subject premises, thereby threatening the health, safety and welfare of the community.

40.    This closing order is sought under the provisions of the Nuisance Abatement Law, which specifies in Section 7-709(a) that:

> If, on a motion for a preliminary injunction pursuant to section 7-707 of this subchapter, the corporation counsel shall show by clear and convincing evidence that a public nuisance within the scope of this subchapter is being conducted, maintained or permitted and that the public health, safety or welfare immediately requires a temporary closing order, a temporary order closing such part of the building, erection or place wherein the public nuisance is being conducted, maintained or permitted may be granted without notice, pending order of the court granting or refusing the preliminary injunction and until further order of the court. Upon granting a temporary closing order, the court shall direct the holding

of a hearing for the preliminary injunction at the earliest possible time but in no event later than three business days from the granting of such order; a decision on the motion for a preliminary injunction shall be rendered by the court within three business days after the conclusion of the hearing.

41.    It is respectfully submitted that the above criteria have been met.  Not only has the Plaintiff shown by clear and convincing evidence that there exists at the subject premises a public nuisance within the scope of the Nuisance Abatement Law, but it is also clear that the public health, safety and welfare require immediate abatement of the public nuisance by an order closing the premises against all use pending the determination of this action.

42.    It is patently clear that the subject premises is being used in an ongoing illegal manner.  Given this attitude toward the rule of law, the Plaintiff submits that an injunction alone may not be honored by those responsible for conducting, maintaining or permitting the illegal activity and that an order closing the subject premises against all use during the pendency of this action is the best assurance that this persistent public nuisance will be abated.

43.    The relief sought upon this application is expressly authorized by Sections 7-707, 7-709 and 7-711 of the New York City Administrative Code.  Courts have granted *ex parte* temporary closing orders in a number of similar cases involving the Nuisance Abatement Law.

44.    Accordingly, the Plaintiff requests that this Court grant, in addition to a preliminary injunction and temporary restraining order, a closing order, to be enforced by the Plaintiff pursuant to Sections 7-707, 7-709 and 7-711 of the Administrative Code, directing that the subject premises, which is currently being used for drug trafficking and is being operated in such a manner as to endanger the safety of individuals, be closed against all use pending the determination of this action.

45.    No prior application for this relief has been made to this or any other court or

45.    No prior application for this relief has been made to this or any other court or justice. No other provisional remedy has been secured or sought in the same action against the same defendant.


WHEREFORE, it is respectfully requested that Plaintiff's application be granted in all respects.

DATED:      New York, New York
            June 18, 2013

                              _____
                              Allison L. Arenson, Esq.

## LIST OF EXHIBITS

**Exhibit 1:**   **Copy of Deed**

**Exhibit 2:**   **Affidavit of Detective Tarah Barrett**

**Exhibit 3:**   **Copies of Chemical Field Test Reports, Property Clerk Invoice and Laboratory Reports**

**Exhibit 4:**   **Copies of Chemical Field Test Report, Property Clerk Invoice and Laboratory Report**

**Exhibit 5:**   **Copies of Chemical Field Test Report, Property Clerk Invoice and Laboratory Report**

**Exhibit 6:**   **Affidavit of Detective Edwin Feliciano**

**Exhibit 7:**   **Copies of Chemical Field Test Report, Property Clerk Invoice and Laboratory Report**

**Exhibit 8:**   **Copy of the Criminal Court Search Warrant**

**Exhibit 9:**   **Copies of Chemical Field Test Report, Property Clerk Invoices and Laboratory Reports**

EXHIBIT "1"



| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER** | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2011071800519001001E2EC3 |

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

**Document ID:** 2011071800519001    **Document Date:** 06-30-2011    **Preparation Date:** 07-18-2011
**Document Type:** DEED
**Document Page Count:** 2

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| ALL NEW YORK TITLE AGENCY(PICK-UP SOPHIA)<br>222 BLOOMINGDALE ROAD, STE 306<br>ANY2011-7185C<br>WHITE PLAINS, NY 10605<br>914-686-5600<br>lclark@allnyt.com | CANNON HEYMAN & WEISS, LLP<br>726 EXCHANGE STREET, SUITE 516<br>BUFFALO, NY 14202 |

## PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1015 | 1 | Entire Lot | | 680-686 8 AVENUE |
| | **Property Type:** OTHER | | | | |
| Borough | Block | Lot | | Unit | Address |
| MANHATTAN | 1015 | 1 | Entire Lot | | 255-269 WEST 43 STREET |
| | **Property Type:** OTHER | | | | |

## CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or.* ____ Year ____ Reel ____ Page ____ *or* File Number_____

## PARTIES

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| T.S. HOTEL, LLC<br>508 8TH AVENUE, 15TH FLOOR<br>NEW YORK, NY 10018 | COMMON GROUND COMMUNITY HOUSING<br>DEVELOPMENT FUND C<br>508 8TH AVENUE, 15TH FLOOR<br>NEW YORK, NY 10018 |

## FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 250.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| Additional MRT: | $ | 0.00 | Recorded/Filed    07-25-2011 16:27 | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 47.00 | **2011000261944** | |
| Affidavit Fee: | $ | 0.00 | | |

*Jannette M. Hill*

*City Register Official Signature*

Bargain and Sale Deed - with Lien Covenant

BIK 1015
Lot 1
NY County

**THIS INDENTURE** made the 30th day of June, 2011

BETWEEN, T.S. HOTEL LLC, (formerly known as T.S. Hotel Limited Partnership, a Delaware limited liability company, having its principal place of business at 505 8th Avenue, 15th Floor, New York, NY 10018, party of the first part, and

COMMON GROUND COMMUNITY HOUSING DEVELOPMENT FUND CORPORATION, INC., a New York not-for-profit corporation, organized pursuant to Article XI of the Private Housing Finance Law of the State of New York ("Article XI") and Section 402 of the Not-for-Profit Corporation Law of the State of New York, having its office at 505 8th Avenue, 15th Floor, New York, NY 10018, party of the second part,

WITNESSETH, that the party of the first part, in consideration of the sum of ONE & MORE DOLLARS ($1.00 & More), lawful money of the United States, paid by the said party of the second part, doth hereby grant and release unto the said party of the second part, its successors and assigns forever,

## SEE DESCRIPTION ATTACHED ON SCHEDULE A HERETO.

TOGETHER with the appurtenances and all the estate and rights of the said party of the first part in and to the said premises.

TO HAVE AND TO HOLD the above granted premises unto the said party of the second part, its successors and assigns forever.

AND the said party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid and as set forth on Schedule B hereto.

THAT the grantor, in compliance with Section 13 of the Lien Law, will receive the consideration for this conveyance and will hold the right to receive such consideration as trust fund to be applied first for the purpose of paying the improvement before using any part of the total of the same for any other purpose.

IN WITNESS WHEREOF, the party of the first part has caused these presents to be duly signed on the day and year first above written.

T.S. HOTEL, LLC

By:   Common Ground Community Housing Development Fund
      Corporation, Inc., its sole Member

By: _____

Name: David Beer

Title:   Authorized Person

SEAL

MICHELLE PACHECO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6100625
Qualified In Bronx County
My Commission Expires October 20, 2011

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF            )

On this 30th day of June _____, in the year 20 11, before me, the undersigned, a Notary Public in and for said State, personally appeared David Beer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

## S C H E D U L E   A

ALL that certain lot, piece or parcel of land, situate, lying and bein in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 43rd Street and the easterly side of Eighth Avenue;

THENCE Northerly along the easterly side of Eighth Avenue, 75 feet 3 inches;

THENCE easterly parallel with 43rd Street, 100 feet;

THENCE Northerly parallel with Eighth Avenue, 25 feet 2 inches to the center line of the block between 43rd and 44th Street;

THENCE easterly along said center line of the block, 50 feet;

THENCE southerly parallel with Eighth Avenue, 1 inch;

THENCE easterly parallel with 43rd Street, 25 feet;

THENCE northerly parallel with Eighth Avenue, 1 inch to the center line of the block;

THENCE easterly along said center line of the block, 25 feet;

THENCE southerly parallel with Eighth Avenue, 100 feet 5 inches to the northerly side of 43rd Street; and

THENCE westerly along said northerly side of 43rd Street, 200 feet to the point or place of BEGINNING.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011071800519001001SE042

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2011071800519001 | Document Date: 06-30-2011 | Preparation Date: 07-18-2011 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID:** 2011062900527

**SUPPORTING DOCUMENTS SUBMITTED:**

RP - 5217 REAL PROPERTY TRANSFER REPORT

Page Count
2

**FOR CITY USE ONLY**

C1. County Code

C2. Date Deed Recorded ___/___/___  (Month / Day / Year)

C3. Book
OR
C5. CRFN

C4. Page

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

**PROPERTY INFORMATION**

1. Property Location | 680-686 | 8 AVENUE | MANHATTAN | 10036
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

2. Buyer Name | COMMON GROUND COMMUNITY HOUSING DEVELOPMENT FUND C | 
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

3. Tax Billing Address — Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) | COMMON GROUND COMMUNITY HDFC,
LAST NAME / COMPANY | FIRST NAME
508 8TH AVENUE, 15TH FLOOR | NEW YORK | NY | 10018
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed | 2 | # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size | ____ FRONT FEET X ____ DEPTH OR ____ ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

8. Seller Name | T.S. HOTEL, LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

A ☐ One Family Residential
B ☐ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☑ Commercial
F ☐ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

**SALE INFORMATION**

10. Sale Contract Date | 6 / 30 / 2011
Month / Day / Year

11. Date of Sale / Transfer | 6 / 30 / 2011
Month / Day / Year

12. Full Sale Price $ | 1,0,9,9,0,3,5,4

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:
A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☑ None

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class | D,5

16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1015 1 | MANHATTAN 1015 1

**CERTIFICATION** I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER | BUYER'S ATTORNEY

BUYER SIGNATURE | DATE | LAST NAME | FIRST NAME

508 8TH AVENUE, 15TH FLOOR
STREET NUMBER | STREET NAME (AFTER SALE) | AREA CODE | TELEPHONE NUMBER

SELLER

NEW YORK | NY | 10018
CITY OR TOWN | STATE | ZIP CODE

SELLER SIGNATURE | DATE

2011062900527201

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

BUYER

BUYER SIGNATURE                    6/30/11   DATE
1:508 8TH AVENUE, 15TH FLOOR

STREET NUMBER          STREET NAME (AFTER SALE)

NEW YORK

CITY OR TOWN          NY          10018
STATE          ZIP CODE

BUYER'S ATTORNEY

LAST NAME          Yonatin          FIRST NAME   Stephen

716          856-1700
AREA CODE          TELEPHONE NUMBER

SELLER

SELLER SIGNATURE          6-30-2012   DATE

2011062900527201



The City of New York
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY  11373-5108**

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)  Property receiving service: BOROUGH: MANHATTAN          BLOCK: 1015          LOT: 1

(2)  Property Address: 680-686 8 AVENUE, NEW YORK, NY 10036

(3)  Owner's Name:    COMMON GROUND COMMUNITY HOUSING DEVELOPMENT FUND C

   Additional Name:

## Affirmation:

☑ You have visited DOF's Mailing Address Update website and indicated that your water & sewer bill should be sent to the mailing address provided on that site. If no information was entered your water & sewer bill be sent to the property address.

## Customer Billing Information:

### Please Note:

A.  Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.  Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.** DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

## Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____  6/30/11 _____ Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

### SEE ATTACHED PAGE FOR ADDITIONAL APPLICABLE PROPERTIES

BCS-7CRF-ACRIS  REV. 8/08

2

2011062900527101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY  11373-5108

## Customer Registration Form for Water and Sewer Billing

| Borough | Block | Lot | Street | City | State | Zip |
|---|---|---|---|---|---|---|
| MANHATTAN | 1015 | 1 | 255-269 WEST 43 STREET | NY | NY | 10036 |

201106290052710101

FILED: NEW YORK COUNTY CLERK 06/18/2013

INDEX NO. 451054/2013

NYSCEF DOC. NO. 6

RECEIVED NYSCEF: 06/18/2013

# EXHIBIT "2"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------X

THE CITY OF NEW YORK,
            :
            :
      Plaintiff,  :    **AFFIDAVIT**
            :
   - against -    :
            :
BERNARD ROBINSON, *et. al.*,
            :
      Defendants. :

------------------------------------------------------X

STATE OF NEW YORK  )
          : ss.:
COUNTY OF NEW YORK )

   Detective Tarah Barrett, Shield Number 2277, being duly sworn deposes and says:

   1.  I am a member of the New York City Police Department and am currently assigned to the Narcotics Borough - Manhattan South.  At narcotics my duties include the enforcement of laws concerning illegal drugs and related activities.  I have had training in the packaging, identification and sale of crack cocaine and marijuana.  Additionally, I have participated in numerous buy operations in which the substance believed by me to be either crack cocaine or marijuana was later chemically determined, in fact, to be cocaine or marijuana.  I submit this affidavit in support of the plaintiff's application for a temporary closing order, temporary restraining order and motion for a preliminary injunction.

<u>September 22, 2012</u>

   2.  On the above date I participated in a "controlled buy" operation inside Unit 128

within the SRO located at 255 West 43rd Street, New York, New York  (hereinafter "the subject premises").

3.      On this date I met with Confidential Informant number 12-000389 (hereinafter "CI 389"). CI 389 is a registered confidential informant with the New York City Police Department and has a proven history of reliability based on his/her providing reliable information on multiple occasions. Specifically, information provided by CI 389 has previously led to the recovery of marihuana, controlled substances, drug paraphernalia and the arrest of multiple individuals.

4.      On September 22, 2012, CI 389 was taken to a location near the subject premises, searched and handed a sum of United States currency and directed to attempt to purchase illegal drugs from an individual operating within the unit.  I observed the informant enter the building located at 255 West 43rd Street, and a short time thereafter I observed CI 389 exit the building and return to the meeting place without talking to anyone else on the street.  CI 389 then handed me two (2) glassines containing alleged heroin, and informed me that he/she purchased the alleged crack cocaine from an individual operating within the subject premises in exchange for twenty dollars ($20.00).  During this operation all New York City Police Department procedures relating to the use of a confidential informant were followed.

5.      Subsequently, I field tested a sample of the aforementioned heroin using the Heroin/Meckes Reagent System field test kit.  I carefully followed the instructions in the kit and the substance tested positive for the presence of cocaine -- an illegal substance.  I then vouchered the aforementioned crack cocaine under Property Clerk's Invoice Number 1000233129, and forwarded the recovered substance to the Police Laboratory for further testing.

### October 3, 2012

6.      On the above date I again participated in a "controlled buy" operation at the subject premises.  CI 389 was again used in conjunction with this operation.

7.      On October 3, 2012, CI 389 was again taken to a location near the subject premises, searched and handed a sum of United States currency and directed to attempt to purchase illegal drugs from an individual operating within the same unit.  I initially observed the informant enter the building located at 255 West 43rd Street, and shortly thereafter I observed the informant exiting the building.  Upon exiting the aforementioned building CI 389 returned to the meeting place without talking to anyone else on the street.  CI 389 then handed me one (1) plastic twist containing alleged crack cocaine, and informed me that he/she purchased the alleged crack cocaine from the same individual operating within the subject premises in exchange for twenty dollars ($20.00).  During this operation all New York City Police Department procedures relating to the use of a confidential informant were followed.

8.      Subsequently, I field tested a sample of the aforementioned crack cocaine using the Cocaine/Cocaine Salts and Base Reagent System field test kit.  I carefully followed the instructions in the kit and the substance tested positive for the presence of cocaine -- an illegal substance.  I then vouchered the aforementioned crack cocaine under Property Clerk's Invoice Number 1000237571, and forwarded the recovered substance to the Police Laboratory for further testing.

### October 11, 2012

9.      On the above date I again participated in a "controlled buy" operation at the subject premises.  CI 389 was again used in conjunction with this operation.

10.     On October 11, 2012, CI 389 was again taken to a location near the subject premises, searched and handed a sum of United States currency and directed to attempt to purchase illegal drugs from an individual operating within the same unit.  I observed the informant enter the building located at 255 West 43rd Street, and shortly thereafter I observed the informant exiting the building.  Upon exiting the aforementioned building CI 389 returned to the meeting place without talking to anyone else on the street.  CI 389 then handed me two (2) red ziplock bags containing alleged crack cocaine, and informed me that he/she purchased the alleged crack cocaine from the same individual operating within the subject premises in exchange for forty dollars ($40.00).  During this operation all New York City Police Department procedures relating to the use of a confidential informant were followed.

11.     Subsequently, I field tested a sample of the aforementioned crack cocaine using the Cocaine/Cocaine Salts and Base Reagent System field test kit.  I carefully followed the instructions in the kit and the substance tested positive for the presence of cocaine -- an illegal substance.  I then vouchered the aforementioned crack cocaine under Property Clerk's Invoice Number 1000241910, and forwarded the recovered substance to the Police Laboratory for further testing.

<u>October 18, 2013</u>

12.     On the above date I participated in an official investigation of the subject premises.  Specifically, on this date I participated in the execution of a search warrant within the unit.  During the execution of the warrant six (6) red ziplock bags containing alleged crack cocaine and drug paraphernalia with and without alleged crack cocaine or marihuana residue as well as a sum of United States currency were recovered from inside the subject premises.

13.     At the time of execution of said warrant defendant Bernard Robinson was present within the subject premises.  As a result, said defendant was arrested and charged with violating New York State Penal Law sections 220.16, Criminal possession of a controlled substance in the third degree; 220.50, Criminal use of drug paraphernalia in the second degree; 220.03, Criminal possession of a controlled substance in the seventh degree; and 221.05, Unlawful possession of marihuana.

14.     Subsequently, I field tested a sample of the aforementioned crack cocaine using the Cocaine/Cocaine Salts and Base Reagent System field test kit.  I carefully followed the instructions in the kit and the substance tested positive for the presence of cocaine -- an illegal substance.  I then vouchered the aforementioned crack cocaine under Property Clerk's Invoice Number 1000244909, and forwarded the recovered substance to the Police Laboratory for further testing.

15.     Additionally, I vouchered the sum of United States currency recovered from within the subject premises under Property Clerk Invoice Number 1000244905.

_Det. T. Barrett_

DETECTIVE TARAH BARRETT

Sworn to before me this
5²ᵈ day of ___April___, 2013

_Laurence S Goldstein_
Notary Public

LAURENCE GOLDSTEIN
Notary Public, State of New York
No. 02GO5025125
Qualified in Queens County
Commission Expires March 21, 19 2014

5

FILED: NEW YORK COUNTY CLERK 06/18/2013
INDEX NO. 451054/2013
NYSCEF DOC. NO. 7
RECEIVED NYSCEF: 06/18/2013

# EXHIBIT "3"

FIELD TEST REPORT
MANHATTAN
PD 321-140 (Rev. 05-08)

TO BE USED IN MANHATTAN AND STATEN ISLAND ONLY

**1**  A. FIELD TEST RESULTS: ☒ Positive ☐ Negative    B. Voucher No. 1000233129

C. LIST ALL PRISONERS:

| | Last Name | First Name | Date of Arrest | Date of Birth |
|---|---|---|---|---|
| (1) | BENARD | JD | N/A | N/A |
| (2) | N/A | | | |
| (3) | N/A | | | |
| (4) | N/A | | | |
| (5) | N/A | | | |
| (6) | N/A | | | |

D. Were there any other narcotics seized or purchased that are associated with this voucher number? If yes, list all companion narcotics voucher numbers or write N/A if there are none.

N/A

**2**

| A. Testing Officers Name Printed (If Undercover - List Shield Number In Lieu of Name) | | B. Command | C. Tax No. | D. Officer performing test has conducted 20 or more field tests. |
|---|---|---|---|---|
| BARRETT | TARAH | NBMS | 926547 | Yes |

E. Arresting Officers Last Name (Print)    First Name    Command    Tax No.

☒ Check Here If Same As Testing Officer

**3**  Contents In This Envelope Was Purchased By An Undercover:    ☐ Yes ☒ No

**4**  Contents In This Envelope Is Narcotics Recovered Other Than That Purchased By An Undercover:    ☒ Yes ☐ No

**5**  A. Drug Type/Field Test

☒ Heroin/Meckes Reagent

☐ Cocaine/Cocaine Salts and Base Reagent

☐ Marijuana/Duquenois - Levine Reagent

B. Quantity Vouchered and Type of Container: (Number and Description)

2 GLASSINES OF HEROIN

C. Date Field Test Conducted

09/22/12

D. Estimated total weight of narcotics vouchered greater than 1/8 oz.    ☐ Yes ☒ No

**6**  A. Contents In This Envelope Was Seized During The Execution Of a Search Warrant:    ☐ Yes ☒ No

**7**  CERTIFICATION - I hereby certify that I tested the above described substance(s) and that this report is a true and full copy of the original report made by me. False statements made herein are punishable as a class A misdemeanor pursuant to 210.45 of the Penal Law.

Testing Officers Signature: _____ (If Undercover - Personally Sign Shield Number In Lieu Of Name)    Date    09/22/12

**8**  Supervisor Assuring Accuracy in the Preparation of this Field Test Report:

| SGT | ORTIZ | | 925863 | NBMS |
|---|---|---|---|---|
| Rank | Name (printed) | Signature | Tax # | Command |

Dist:   1. White District Attorney's Office    2. Blue District Attorney's Office    3. Pink Police Laboratory With Vouchered Drugs
4. Buff = Member's Copy    5. Green Command Copy



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **1000233129**

| | | | | |
|---|---|---|---|---|
| Invoicing Command | | | | Invoice Status |
| **14TH PCT(MTS)** | | | | **OPEN** |

| | | | |
|---|---|---|---|
| Invoice Date | Property Type | | Property Category |
| **09/22/2012** | **CONTROLLED SUBSTANCE** | | **INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | | | |
|---|---|---|---|---|---|---|---|
| Invoicing | DT3 | **BARRETT, TARAH** | **926547** | **NBMS** | OCME. EU No. | | |
| Arresting | N/A | | | | OCME. FB No. | | |
| Investigating | DT3 | **BARRETT, TARAH** | **926547** | **NBMS** | Police Lab Evid. Ctrl. No. | | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | **N/A** | |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | **N/A** | |

| Item | Total QTY | Article(s) | | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|
| 1 | 1 | **HEROIN** | | 1201149079 | | |
| | | COLOR: **BEIGE/TAN** PACKAGED IN: **GLASSINE** | | -5428792 | 1 | |
| | | FORM: **POWDER** | | | | |
| | | NARCOTIC IS: **FIELD TESTED POSITIVE** | | | | |
| | | **GLASSINE STAMPED WITH GREEN HAPPY FACES** | | | | |
| 2 | 1 | **ALLEGED HEROIN** | | 1201149079 | | |
| | | COLOR: **BEIGE/TAN** PACKAGED IN: **GLASSINE** | | -5428792 | 1 | |
| | | FORM: **POWDER** | | | | |
| | | **STAMPED WITH WITH GREEN HAPPY FACES** | | | | |

**REMARKS:**
926547 09/22/2012 20:27 : AT T/P/O THE ABOVE NARCOTICS WAS PURCHASED BY CI# 12-000389 FOR AN ON GOING INVESTIGATION

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| **09/22/2012** | **PL/220.39** | **FELONY** | **N/A** | **REFUSED** |

| Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No. NYSID No. |
|---|---|---|---|---|
| | | | | |

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | CI#, 12-000389 | | , NY | |
| Owner(s) | **BENARD, JD** | | **255  WEST 43 STREET, 128, NY** | |
| Complainant(s) | **PSNY** | | | |

| | |
|---|---|
| Complaint No. | **N/A** |
| Related Comp No.(s) | **N/A** |
| Aided/Accident No.(s) | **N/A** |
| Related Invoice(s) | **N/A** |



Invoice No. **1000233129**

printed: 02/21/2013 15:39

PCD Storage No. --

 NYPD**PETS** PROPERTY and EVIDENCE TRACKING SYSTEM

**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **1000233129**

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | DT3 | BARRETT, TARAH | 926547 | NBMS | 09/22/2012 | 20:15 |
| Invoicing Officer | DT3 | BARRETT, TARAH | 926547 | NBMS | 09/22/2012 | 20:28 |
| | | *Det. Barrett* | | | | |
| Approved By | SGT | ORTIZ, JUAN | 925863 | NBMS | 09/22/2012 | 21:59 |

FILED: NEW YORK COUNTY CLERK 06/18/2013

NYSCEF DOC. NO. 8

INDEX NO. 451054/2013

RECEIVED NYSCEF: 06/18/2013

# EXHIBIT "4"



MANHATTAN
PD 321-140 (Rev. 05-08)

**TO BE USED IN MANHATTAN AND STATEN ISLAND ONLY**

**.1** | A. FIELD TEST RESULTS: ☒ Positive ☐ Negative | B. Voucher No. `1000237871`

C. LIST ALL PRISONERS:

| | Last Name | First Name | | Date of Arrest | Date of Birth |
|---|---|---|---|---|---|
| (1) | BERNARD | JD | | 10/03/12 | N/A |
| (2) | N/A | | | | |
| (3) | N/A | | | | |
| (4) | N/A | | | | |
| (5) | N/A | | | | |
| (6) | N/A | | | | |

D. Were there any other narcotics seized or purchased that are associated with this voucher number? If yes, list all companion narcotics voucher numbers or write N/A if there are none.

N/A

**2** | A. Testing Officers Name Printed (If Undercover - List Shield Number In Lieu of Name) | B. Command | C. Tax No. | D. Officer performing test has conducted 20 or more field tests.

BARRETT          TARAH                                    NBMS          926547          Yes

E. Arresting Officers Last Name (Print) | First Name | Command | Tax No.

☒ Check Here If Same As Testing Officer

**3** Contents In This Envelope Was Purchased By An Undercover:          ☐ Yes ☒ No

**4** Contents In This Envelope Is Narcotics Recovered Other Than That Purchased By An Undercover:          ☒ Yes ☐ No

**5** A. Drug Type/Field Test | B. Quantity Vouchered and Type of Container: (Number and Description)

☐ Heroin/Meckes Reagent

☒ Cocaine/Cocaine Salts and Base Reagent          1 PLASTIC TWIST CRACK

C. Date Field Test Conducted

10/03/12

☐ Marijuana/Duquenois - Levine Reagent          D. Estimated total weight of narcotics vouchered greater than 1/8 oz.
☐ Yes ☒ No

**6** A. Contents In This Envelope Was Seized During The Execution Of a Search Warrant:          ☐ Yes ☒ No

**7** CERTIFICATION - I hereby certify that I tested the above described substance(s) and that this report is a true and full copy of the original report made by me. False statements made herein are punishable as a class A misdemeanor pursuant to 210.45 of the Penal Law.

Testing Officers Signature: _____          Date _10/3/12_
(If Undercover - Personally Sign Shield Number in Lieu Of Name)

**8** Supervisor Assuring Accuracy in the Preparation of this Field Test Report:

LT          DONOVAN          _____          960033          NBMS
Rank          Name (printed)          Signature          Tax #          Command

Dist:    1. White District Attorney's Office    2. Blue District Attorney's Office    3. Pink Police Laboratory With Vouchered Drugs
4. Buff = Member's Copy    5. Green Command Copy